**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

**Laura Rogan**,

                Plaintiff,            Case No.

v.

**Midland Credit Management**,      Complaint and Demand for Jury Trial

                Defendant.

## COMPLAINT

**Laura Rogan** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Midland Credit Management** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (FDCPA) and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the FDCPA claims in this action under 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

4.     This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Colorado and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Colorado.

5.     Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6.     Plaintiff is a natural person residing in Manitou Springs, Colorado 80829.

7.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.     In the alternative, Plaintiff is a person granted a cause of action under the FDCPA by 15 U.S.C. § 1692k(a). See e.g., Wenrich v. Robert E. Cole, P.C, 2001 WL 4994, at *3 (December 22, 2000).

9.     Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

10.    Defendant is a business entity with a principal place of business at 2365 Northside Drive, Suite 300, San Diego, California 92108.

11.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12.    Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

13.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

14. Plaintiff has a cellular telephone number she has had since early December 2013.

15. Plaintiff has only used this phone number as a cellular telephone.

16. Beginning sometime in or around 2014 and continuing through January 2018, Defendant repeatedly called Plaintiff on her cellular telephone in an attempt to collect an alleged consumer debt.

17. Upon information and belief, the debt Defendant was attempting to collect arose from a transaction primarily for personal, household, or family purposes.

18. During this time Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

19. Plaintiff knew that Defendant's calls were automated calls as the calls would start with a recording before being connected with Defendant's live representatives.

20. Within the first few calls in 2014, Plaintiff told Defendant she was on a small fixed income, that she was unable to pay the debt, and told Defendant to stop calling her.

21. Defendant heard and acknowledged Plaintiff's instruction to stop calling, and would respond by attempting to arrange payments of the debt over the phone.

22. Once Defendant was informed that Plaintiff could not pay the debt and that its calls were unwanted, its continued calls could have served no lawful purpose.

23. Once Defendant was aware Plaintiff could not pay the debt and that she wanted it to stop calling, the only purpose further calls could serve would be to harass Plaintiff.

24. Despite Plaintiff's clear demand to refrain from contacting her, Defendant persisted in calling Plaintiff.

25. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

26. Defendant's actions as described herein were taken with the intent to harass, upset and coerce Plaintiff to pay the alleged debt.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

27. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

28. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

29. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

30. Defendant violated both Sections 1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff within the one year period preceding the filing of this Complaint knowing at all times that Plaintiff could not afford to pay the debt and that its calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED THE TCPA

31. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

32. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has

the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

33. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number.

34. Defendant initiated these calls to Plaintiff using an automatic telephone dialing system.

35. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number with a prerecorded or automatically generated voice.

36. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent, and any consent Defendant may have thought it had to call Plaintiff was revoked when Plaintiff told Defendant to stop calling her.

37. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

38. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

39. When Defendant called Plaintiff around November 2017, it knew no later than Plaintiff's first instruction to stop calling in that it did not have prior express consent to call Plaintiff.

40. When Defendant called Plaintiff it knew Plaintiff's telephone number was assigned to a cellular telephone.

41. Defendant's violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

42. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual, and treble damages.

**Wherefore**, Plaintiff, **Laura Rogan**, respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided in 15 U.S.C. § 1692k(a)(1));

    b. Statutory damages of $1,000 for the violation of the FDCPA (as provided under 15 U.S.C. § 1692k(a)(2)(A))

    c. All reasonable attorneys' fees, witness fees, court costs, and other litigation costs (as provided under 15 U.S.C. § 1693k(a)(3));

    d. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    e. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    f. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    g. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    h. Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Laura Rogan**, demands a jury trial in this case.

Respectfully submitted,

Dated: 11/02/18

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com